

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-23-2003

# Jackson v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket 02-3540

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Jackson v. Comm Social Security" (2003). *2003 Decisions.* Paper 532.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/532

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

———————

No. 02-3540

———————

CAROL JACKSON,
                              Appellant

v.

JO ANNE B. BARNHART,
Commissioner of the Social Security Administration

———————

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 00-cv-04447)
District Judge:  Hon. Jan E. DuBois

———————

Submitted Under Third Circuit LAR 34.1(a)
May 22, 2003

Before:  SCIRICA, Chief Judge, SLOVITER and NYGAARD, Circuit Judges

(Filed May 23, 2003)

———————

OPINION OF THE COURT

SLOVITER, Circuit Judge.

Before us is the appeal of Carol Jackson from the decision of the District Court granting summary judgment to the Commissioner of Social Security who had denied Jackson's claim for Supplemental Security Income (SSI) under Title XVI of the Social Security Act. We will affirm.

## I.

### Facts and Procedural History

### A.

Jackson's SSI claim, filed April 16, 1998, alleging disability beginning a few weeks earlier, specifically on March 26, 1998, due to osteoarthritic changes present in both knees, diabetes mellitus-type II, depression, and obesity, was denied initially and again on reconsideration. Jackson appealed this denial, and the Administrative Law Judge (ALJ) held a hearing on June 8, 1999.[1] Thereafter, the ALJ rejected Jackson's claim for benefits. The Appeals Council denied review. Jackson filed suit in the United States District Court for the Eastern District of Pennsylvania. The District Court adopted the Magistrate Judge's Report and Recommendation granting the Commissioner's motion for summary judgment. Jackson filed a timely appeal.

### B.

---

[1] At the hearing, Jackson testified on her own behalf and was represented by counsel.

Jackson was forty-seven years old at the time of the ALJ's decision, and as such, is considered a younger individual pursuant to 20 C.F.R. § 416.963 (2003). She has a tenth grade education level and no past relevant work experience. At the time of the ALJ's hearing, Jackson was taking general equivalency diploma (GED) classes Monday through Thursday for three to six hours per day to obtain her high school diploma. She was 5 feet 3 inches tall and weighed 268 pounds at this time, and lives with her fiancé and two sons.

In August 1998, Jackson complained of pain in her knees and other problems and was examined by Herbert E. Cohen, M.D. X-Rays taken thereafter revealed mild osteoarthritis of the left knee. However, Dr. Cohen concluded that Jackson's joint range of motion was normal, that her reflex and motor power examinations were normal, and that her mental status examination was normal. Dr. Cohen diagnosed Jackson with obesity, diabetes mellitus, purported recent onset of bronchial asthma, bilateral leg and lower back pain, and emotional depression.

In September 1998, P. Lawrence Seifer, Ph.D., conducted a clinical psychological evaluation of Jackson. Dr. Seifer, who observed that Jackson's intellectual ability appeared to be below average, diagnosed her with an adjustment disorder with depressed mood. He also observed that Jackson's concentration was impaired, although he noted that Jackson stated that she could carry out instructions, perform activities from beginning to end, sustain a routine, make decisions, and perform work at a consistent pace.

In November 1998, Jackson was treated at the Wilson Park Medical Center. At

3

this time, Jackson complained of "tearful episodes" and "stressors." Tr. at 116. She was prescribed Paxil. A treatment note dated December 1998 stated that Jackson was "feeling better" since taking Paxil. Tr. at 115.

## II.

## Discussion

This Court reviews the Commissioner's final decision to determine whether the decision is supported by substantial evidence. Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Pierce v. Underwood, 487 U.S. 552, 565 (1988) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A) (2003); see also 20 C.F.R. § 404.1505(a). A claimant is unable to engage in substantial gainful activity when "his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . . ." 42 U.S.C. § 423(d)(2)(A).

The Commissioner evaluates disability claims pursuant to a sequential evaluation

process.  See 20 C.F.R. § 416.920.  This process requires the Commissioner to consider, in order:  (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if so, whether the claimant's severe impairment meets or equals the criteria of an impairment listed in 20 C.F.R. pt. 404, subpt. P, app. 1; (4) if not, whether the claimant's impairment prevents him from performing his past relevant work; and (5) if so, whether the claimant can perform any other work which exists in the national economy, in light of his age, education, work experience, and residual functioning capacity.  See 20 C.F.R. §§ 404.1520, 416.920; Sykes v. Apfel, 228 F.3d 259, 262-63 (3d Cir. 2000).

Jackson's principal argument is that the ALJ's finding that Jackson has severe impairments limited to obesity and knee impairments is not supported by substantial evidence.  Jackson argues that her depression should also be treated as a severe impairment.  Our review of the record shows that there is substantial evidence to support the ALJ's finding that Jackson's depression was not severe.

Although Jackson complained of tearful episodes, as noted in the facts, Jackson's treatment notes indicated that she was feeling better since taking Paxil.  It was Dr. Cohen's opinion that Jackson's mental status was normal.  The psychiatric review dated September 25, 1998, did not find any severe mental impairment.  Tr. at 101-109.  There is nothing in the record to support Jackson's claim of a severe mental impairment.  After review, we cannot conclude that the District Court erred in accepting the ALJ's finding

5

that Jackson does not suffer from severe depression.

Jackson next contends that the ALJ erred by not ordering that she undergo intelligence testing to determine if she met the listing for mental retardation. On this record, there was no basis for the ALJ to have done so. The psychiatric review identified the impairment of Affective Disorders, but noted there was "[no] evidence of a sign or symptom cluster or syndrome" that would evidence a wide range of mental disorders including, significantly for this case, mental retardation. Tr. at 101-109. As the Magistrate Judge reasoned, "Dr. Seifer never suggested that Jackson functioned in the borderline or mentally retarded range of intelligence. He merely stated that Jackson's range of intellectual ability appeared to be below average." App. at 15. Moreover, the fact that Jackson was taking GED classes Monday through Thursday for three to six hours per day to obtain her high school diploma is a strong indication that she does not meet or equal the listing for mental retardation in 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.05. Jackson was represented by counsel and neither Jackson nor her counsel complained that the record was not developed. We find no merit in this argument.

Jackson's challenge to the ALJ's finding that she "has the residual functional capacity to perform the full range of light work," Tr. at 16, is also not persuasive. The X-rays of Jackson's knees ordered by Dr. Cohen revealed only mild osteoarthritis of the left knee. She attends classes Monday through Thursday for three to six hours per day. Jackson argues that her obesity precludes her from working, but none of Jackson's

6

treating physicians or examining physicians opined that she is disabled. The Physical Residual Functional Capacity Assessment performed by the state reported that Jackson was capable of a full range of light duty work. Tr. at 86-94.

Finally, Jackson contends that the ALJ should have elicited vocational expert testimony and argues that the ALJ erred in relying on the Medical-Vocational Guidelines to find her not disabled. The ALJ found that Jackson did not have any nonexertional limitations and determined that her vocational profile closely fits the requirements set forth in the grids.

In conclusion, substantial evidence supports the ALJ's finding that Jackson was not disabled as defined in the Social Security Act. None of her impairments, either alone or in combination, preclude her from performing substantial gainful activity at the light exertional level. The Magistrate Judge thoroughly discussed each of Jackson's contentions before rejecting them. Its analysis is persuasive.

We will therefore affirm the District Court's decision granting the Commissioner summary judgment.

_____

TO THE CLERK:

Please file the foregoing opinion.

/s/ Dolores K. Sloviter
Circuit Judge